Lian v. Holder

BIA
Nelson, IJ
A094 932 798

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of October, two thousand twelve.

PRESENT:
>        JOSÉ A. CABRANES,
>        PETER W. HALL,
>        SUSAN L. CARNEY,
>             *Circuit Judges.*

_____

FU DI LIAN,
>        *Petitioner,*

>        v.                                   11-5182
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:        Oleh R. Tustaniwsky, Brooklyn, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant Attorney General; Jennifer J. Keeney, Senior Litigation Counsel; Joseph A. O'Connell, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Fu Di Lian, a native and citizen of the People's Republic of China, seeks review of a November 29, 2011, decision of the BIA affirming the June 4, 2009, decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fu Di Lian*, No. A094 932 798 (B.I.A. Nov. 29, 2011), *aff'g* No. A094 932 798 (Immig. Ct. N.Y. City June 4, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For asylum applications such as Lian's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on the inherent plausibility of an applicant's account, or inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).

Lian contends that his inconsistent testimony about the date his wife was allegedly subject to forcible insertion of an intrauterine device – stating first it was in 2005, and later that it was in 1995 – can be explained by translation issues, his lack of education, and memory issues because the matter did not affect him directly. As noted by the BIA, however, Lian's mistranslation argument lacks merit because the administrative record indicates that he understood his interpreter, and a reasonable fact-finder would not be compelled to credit the explanations he offers for the first time before this Court. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Lian also challenges the agency's

2

finding that there was inconsistency in the evidence he offered – the record evidence indicating his first son was born at home, whereas he testified that his first son was born in a hospital in the countryside – by explaining that his son's birth certificate is unreliable because it was a replacement.  A reasonable fact-finder would not be compelled to credit this explanation, *id.*, however, and the agency reasonably based its adverse credibility determination, in part, on Lian's inconsistent testimony. *See Xiu Xia Lin*, 534 F.3d at 167 (finding the agency "may rely on *any* inconsistency or omission in making an adverse credibility determination" as long as the totality of the circumstances establishes the applicant is incredible) (internal quotation marks omitted) (emphasis in original).

Lian also faults the agency for failing to question him about the material omissions in his asylum application – his testimony that his second son was born in a government hospital, causing a doctor to be punished, even though he and his wife were "hiding" from family planning officials. The agency, however, was not required to put Lian on notice for these "dramatic" omissions.  *Majidi*, 430 F.3d at 81; *Xiu Xia Lin*, 534 F.3d at 166 n.3 (finding inconsistencies and omissions to be "functionally equivalent").  Finally, Lian argues that his testimony about his uneventful departure from China was not implausible despite (1) his testimony that officials were searching for him because he violated the family planning policies and (2) his admission that he departed using a government-issued passport and visa containing his photograph, issued in his own name. He asserts that the smuggler evaded the government by obtaining his passport and visa and facilitated his departure from Beijing.  Even if Lian's explanation is deemed plausible, that explanation is insufficient to compel a contrary conclusion, 8 U.S.C. § 1252(b)(4)(B), because "[i]t is not this Court's task to explain away the improbabilities in petitioner's testimony." *Wensheng Yan v. Mukasey*, 509 F.3d 63, 68 (2d Cir. 2007) (per curiam) (internal quotation marks omitted); *Ying Li v. Bureau of Citizenship and Immigration Services*, 529 F.3d 79, 82-83 (2d Cir. 2008).

Because the totality of the circumstances supports the agency's adverse credibility determination, we defer to that finding.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*,

534 F.3d at 167. Furthermore, because the only evidence of a threat to Lian's life or freedom hinged on his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the petitioner's motion for a stay of removal in this petition is denied as moot. Lian's request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4